# WESTERN PENNSYLVANIA REGIONAL DISTRICT COUNCIL OF CARPENTERS ANNUITY AND SAVINGS FUND

Amended and Restated as of April 1, 1998

Exhibit 16

## Appendix "A"

### COLLECTION OF EMPLOYER CONTRIBUTIONS

Section 1. Employer Contributions. Each Employer's contributions shall commence as of the date specified in the applicable collective bargaining or other written agreement and shall be due and payable on or before the time specified in such agreement.

Neither the MBA, nor any employer association, nor any individual employee shall be responsible for the contribution or other obligations of any Employer. Furthermore, no Employer shall be responsible for the contributions or obligations of any other Employer, except as required by the collective bargaining or other agreement or by statute.

No contributing employer shall have any right, title or interest to any sum payable by such Employer to the Fund, but not yet paid into the Fund. Title to all monies paid into and/or due and owing such Fund shall be vested in the Trustees of such Fund.

The Trustees shall not be obligated to invoke or exhaust any grievance and arbitration procedures that might be contained in any Collective Bargaining Agreement or other written agreement between the Union and an Employer in order to compel an audit of the Employer's records or to collect unpaid contributions.

Section 2. Remittance Reports. Each Employer shall prepare and submit to the Plan Office periodic remittance reports containing such information as the Trustees of the Plan may require plus a check or other payment for Employer Contributions payable to the "Carpenters Combined Funds, Inc." or its designee. Such report and payment must be actually received by the Plan Office by the thirtieth (30th) day of the month following the month for which the report has been made. The Employer shall prepare all reports in accordance with any instructions provided by the Plan Office. By submitting the report, the Employer certifies the accuracy of the information contained therein.

Section 3. Delinquent Contributions. Any Employer Contributions to the Fund shall be considered delinquent if not received by the Plan Office by the thirtieth (30th) day of the month when such monthly contributions are due. In the event an Employer is delinquent in paying any Contribution to the Fund, the Employer shall be obligated to pay to the Fund, in addition to the principal contributions required, the following:

(a) Interest on the amount of delinquent contributions equal to the greater of: (1) the rate of one and one quarter percent (1-1/4%) per month or portion thereof, or (2) the rate prescribed under the Internal Revenue Code (26 U.S.C. §6621), as amended, such interest to accrue until paid regardless of whether judgment has been entered against the Employer, and

(b) An amount equal to the greater of (1) interest on the delinquent contributions as defined in subsection (a) above; or (2) liquidated

Page Forty-Three — ANNUITY AND SAVINGS FUND

or contractual damages in the amount of ten (10%) percent of the amount of the delinquent contributions, to cover added administrative, bookkeeping and staff expenses, and

(c) Attorneys' fees equal to the greater of (1) twenty (20%) percent of the total amount due to the Fund, but not less than $850.00, or (2) such amount as may be shown by Affidavit submitted by Fund counsel, plus all other costs and expenses related to the collection of all amounts due to the Fund. The Employer shall pay such fees whether or not suit has been filed to collect such delinquency.

Section 4. Audits. The Trustees of the Plan, through their designated administrator, auditor, agents or employees shall have the right, but not the duty, of conducting periodic audits of any Employer's records as they deem necessary or advisable to determine compliance with the provisions of this Plan and Trust. The Employer shall promptly furnish to such persons upon request all payroll, tax, employment and other pertinent records as the Trustees deem necessary or advisable in connection with the proper administration of the Fund and Plan.

Should the Employer's books and records be so incomplete as to make it difficult or impossible for the auditor to determine the amount of contributions due the Fund, the auditor may estimate the amount of contributions due, and the burden of proof shall shift to the Employer to prove the actual hours worked by the Employer's employees, such employees' gross wages, and the amount of contributions owed to the Fund.

Section 5. Statute of Limitations. Each Employer has the responsibility to submit to the Plan Office contribution remittance reports and payments, using such forms as the Trustees or their administrators might prescribe. If any Employer should fail to properly report and pay on all its covered employees, the statute of limitations shall not begin to run until the Employer complies with its duty to properly report on all such employees, or until the Plan actually discovers the Employer's failure to so report.

Section 6. Suits By or Against Trustees. All suits and proceedings to recover Employer Contributions, or to enforce or protect any other right, demand or claim on behalf of the Trustees or of the Plan or Fund may be instituted and prosecuted by the Plan Administrator in his capacity as such, or by any two (2) Trustees, one (1) of whom shall be an Employer-Trustee and the other of whom shall be a Union-Trustee. The Plan Administrator shall be authorized to accept service on behalf of the Fund, Plan and the Trustees in their official capacity and also to execute legal documents.

Section 7. Interpretation. In the event of any conflict or difference in language between this Appendix and any other document relating to collections including, but not limited to, any trust agreement, collective bargaining agreement, or participation agreement, the provisions of this Appendix shall govern.